UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
SAN ANGELO DIVISION

BRAYAMS BRACHO LEON,

     Petitioner,

v.                                                                              No. 6:26-CV-202-H

PHILLIP VALDEZ, et al.,

     Respondents.

## ORDER

The Fifth Circuit held recently that aliens who arrive in or who are present in the United States without previously being admitted by immigration authorities—also known as "applicants for admission"—must be detained under the INA. *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026); *see* 8 U.S.C. § 1225(a)(1), (b). Brayams Bracho Leon, a native and citizen of Venezuela, is one such alien, having applied for admission to the United States in September 2024. His habeas petition, filed after the Fifth Circuit's decision in *Buenrostro-Mendez*, demands his release based on the Fifth Amendment's Due Process Clause. Dkt. No. 1. But neither the substantive nor procedural veins of due process afford alien petitioners a bond hearing or immediate release based on the alien's assertions of unreasonableness. Due process is a contextual concept, and in the context of alien removal, it is a limited one. Congress determined that aliens like Bracho Leon are not entitled to bond, but they are permitted to remain in U.S. custody and fight to remain here while their removal proceedings play out. The Due Process Clause requires no more.

Because the facts and legal arguments presented in this petition are indistinguishable from those addressed by the Court in many prior cases, "it appears from the application that the applicant or person detained is not entitled" to a writ of habeas corpus. 28 U.S.C.

§ 2243.  Thus, while the Court would ordinarily issue an order to show cause, it exercises its discretion to forgo that step here.  *Id.*; *see Wottlin v. Fleming*, 136 F.3d 1032, 1034 (5th Cir. 1998).  The petition (Dkt. No. 1) is denied.

**1.      Background**

In 2024, Bracho Leon applied for admission to the United States at the Brownsville, Texas port of entry.  Dkt. No. 1-2 at 3.  Immigration officials paroled him into the country.[1] Dkt. No. 1 ¶ 6.  At the same time, Bracho Leon was placed into removal proceedings with a Notice to Appear charging him with removability as an immigrant not in possession of a valid entry document.  Dkt. No. 1-2 at 3; *see* 8 U.S.C. § 1182(a)(7)(A)(i)(I).  Years later, in February 2026, ICE detained Bracho Leon during a routine check-in.  Dkt. No. 1 ¶ 8.  He is currently detained without bond at the Eden Detention Center in Eden, Texas.  *Id.* ¶¶ 4, 10.

Bracho Leon notes that he is ineligible for a bond hearing.  *Id.* ¶ 4.  That conclusion follows from the Board of Immigration Appeals' decision in *Matter of Yajure Hurtado*, which recognizes that all applicants for admission must be detained for the duration of their removal proceedings.[2]  29 I. & N. Dec. 216, 219–20 (BIA 2025).  Because no immigration judge will grant bond, Bracho Leon seeks a writ of habeas corpus.  *See* Dkt. No. 1.  The petition states one claim for relief: Bracho Leon's continued detention allegedly violates substantive due process.  *Id.* ¶¶ 17–21.

---

[1] Bracho Leon's parole was not a form of admission.  *See Goyo Martinez v. Villegas*, No. 1:25-CV-256, 2026 WL 114418, at *3, *5–7 (N.D. Tex. Jan. 15, 2026).

[2] It is unclear whether Bracho Leon's detention technically falls under Section 1225(b)(1) or Section 1225(b)(2)(A).  But either way, he is still subject to mandatory detention.  *Yajure Hurtado*, 29 I. & N. Dec. at 219; *see* 8 U.S.C. § 1225(b)(1)(B)(ii), (iii)(IV).

## 2.    Legal Standard

"[A]bsent suspension, the writ of habeas corpus remains available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const. art. I, § 9, cl. 2). With 28 U.S.C. § 2241, Congress authorized federal courts to resolve habeas petitions, including in immigration-detention cases. *Zadvydas v. Davis*, 533 U.S. 678, 687–88 (2001). Habeas exists solely to "grant relief from unlawful imprisonment or custody." *Pierre v. United States*, 525 F.2d 933, 935–36 (5th Cir. 1976). Thus, for the writ to issue, the petitioner must be "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *see Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995). A court considering a habeas petition must "determine the facts, and dispose of the matter as law and justice require." 28 U.S.C. § 2243.

## 3.    Analysis

As noted above, Bracho Leon's petition only argues that his continued detention violates his substantive due process rights. The Court has repeatedly rejected identical due process arguments.[3] Nevertheless, the Court considers the arguments raised in the petition to address whether his detention violates the Constitution. The answer is no.

The doctrine of substantive due process protects "only 'those fundamental rights and liberties which are, objectively, deeply rooted in this Nation's history and tradition.'" *Dep't of State v. Muñoz*, 602 U.S. 899, 910 (2024) (quoting *Washington v. Glucksberg*, 521 U.S. 702, 720–21 (1997)). While still recognizing due-process rights for aliens present in the United

---

[3] *See, e.g.*, *Higareda-Cano v. Noem*, No. 1:25-CV-225, 2026 WL 274495 (N.D. Tex. Jan. 30, 2026); *Goyo Martinez*, 2026 WL 114418; *Garibay-Robledo*, 814 F. Supp. 3d 747; *Gomez Hernandez v. Lyons*, No. 1:25-CV-216, 2026 WL 31775 (N.D. Tex. Jan. 6, 2026); *Zuniga v. Lyons*, 814 F. Supp. 3d 685 (N.D. Tex. 2025).

States, *see, e.g.*, *Trump v. J.G.G.*, 604 U.S. 670, 673 (2025), the Supreme Court has long affirmed the constitutionality of executive immigration procedures. The "through line of history," the Supreme Court recently explained, is "recognition of the Government's sovereign authority to set the terms governing the admission and exclusion of noncitizens." *Muñoz*, 602 U.S. at 911–12. To that end, "Congress regularly makes rules that would be unacceptable if applied to citizens." *Mathews v. Diaz*, 426 U.S. 67, 80 (1976).

The principle is no less true for immigration detention. In fact, the Supreme Court has endorsed the constitutionality of detaining aliens without bond during the pendency of removal proceedings. In *Demore v. Kim*, the Supreme Court acknowledged that "the Fifth Amendment entitles aliens to due process of law in deportation proceedings." 538 U.S. 510, 523 (2003) (quoting *Reno v. Flores*, 507 U.S. 292, 306 (1993)). But it clarified that "detention during deportation proceedings" is nevertheless a "constitutionally valid aspect of the deportation process." *Id.* Indeed, "when the Government deals with deportable aliens, the Due Process Clause does not require it to employ the least burdensome means to accomplish its goal." *Id.* at 528. It follows that "the Government may constitutionally detain deportable aliens during the limited period necessary for their removal proceedings." *Id.* at 526. Against that backdrop, the notion that substantive due process requires Bracho Leon's release—when he has been detained for roughly 90 days—is untenable.[4]

A procedural due process claim (to the extent Bracho Leon raises one) fares no better. As an "applicant for admission," Bracho Leon has "only those rights regarding admission that Congress has provided by statute." *DHS v. Thuraissigiam*, 591 U.S. 103, 140

---

[4] At most, Bracho Leon asserts that his detention "has become unreasonable" and therefore he is entitled to immediate release. Dkt. No. 1 ¶¶ 20–21. Yet his petition does not grapple with the reality that—as an "applicant for admission"—he is subject to mandatory detention.

(2020); *Landon v. Plasencia*, 459 U.S. 21, 32 (1982) ("This Court has long held that an alien seeking initial admission to the United States requests a privilege and has no constitutional rights regarding his application, for the power to admit or exclude aliens is a sovereign prerogative."). With Section 1225, Congress set the procedural rights afforded to aliens who arrive in or are present in the United States without admission. "Read most naturally," Sections 1225(b)(1) and (b)(2) "mandate detention of applicants for admission until certain proceedings have concluded." *Jennings v. Rodriguez*, 583 U.S. 281, 297 (2018). No part of the statute "says anything whatsoever about bond hearings." *Id.*

**4.      Conclusion**

In short, Bracho Leon, as an "applicant for admission," is properly detained under Section 1225(b). *Buenrostro-Mendez*, 166 F.4th at 498. And the Due Process Clause does not require that he be released under these circumstances. Thus, the petition for a writ of habeas corpus (Dkt. No. 1) is denied.

The Clerk of Court is directed to serve this Order electronically on the United States Attorney's Office for the Northern District of Texas pursuant to the current Service of Process Agreement for federal habeas petitions under 28 U.S.C. § 2241.

So ordered on May 21, 2026.

_____
JAMES WESLEY HENDRIX
UNITED STATES DISTRICT JUDGE